# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY PEARLMAN<br>1000 New Jersey Avenue SE #319<br>Washington, DC 20003,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL PARK SERVICE<br>900 Ohio Drive SW<br>Washington, DC 20024,<br><br>POTOMAC ELECTRIC POWER COMPANY<br>701 9th Street NW, Room 1300<br>Washington, DC 20068,<br><br>and<br><br>PLH Group<br>400 E Las Colinas Boulevard<br>Irving, Texas 75039,<br><br>Defendants. | Civil Action No. 1:22-cv-01765<br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, ANTHONY PEARLMAN (hereinafter "Plaintiff"), sues Defendant, NATIONAL PARK SERVICE (hereinafter "National Park Service"), Defendant POTOMAC ELECTRIC POWER COMPANY (hereinafter "PEPCO"), and Defendant PLH Group (hereinafter "PLH"), collectively "Defendants," and alleges as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b).

2. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial portion of the events or omissions giving rise to the claims occurred in this District and because two of the defendants reside in this District.

3. Pursuant to 28 US Code § 2401, Plaintiff timely submitted his Federal Tort Claim Form 95 to the National Park Service.

## PARTIES

4. Plaintiff Anthony Pearlman is a resident of Washington, D.C.

5. Defendant National Park Service is a bureau of the United States Department of the Interior.

6. Defendant PEPCO is a corporation, incorporated in the State of Virginia, and licensed to do business in Washington, DC.

7. Defendant PLH is a corporation, incorporated in the State of Delaware, and licensed to do business in Washington, DC.

## FACTS

8. On June 27, 2019, at approximately 9:44 AM, Plaintiff was lawfully and responsibly operating his bicycle at Hains Point, at 970 Ohio Drive SW in Washington, D.C.

9. This location is under the jurisdiction of the National Park Service.

10. As Plaintiff was riding his bicycle, his front tire lodged in an improperly installed and/or maintained metal grate, causing his bike to stop immediately.

11. Plaintiff was thrown from his bike and crashed violently to the ground.

12. Plaintiff's bicycle remained fully upright, with the front tire wedged in the grate.

13. This violent collision was the direct result of the negligence of the Defendants.

14. On information and belief, the metal grate was negligently installed and / or maintained by the Defendants National Park Service, PEPCO, and PLH.

15. Each Defendant had actual or constructive knowledge of the hazard presented by the negligently installed and / or maintained grate.

## **COUNT I – Negligence by National Park Service**

16. Plaintiff reiterates and incorporates by reference each paragraph above as if repeated verbatim herein.

17. National Park Service is liable to Plaintiff as a result of its negligence as set forth herein.

18. National Park Service was negligent, grossly negligent, careless, reckless, willful, and wanton as set forth herein.

19. National Park Service had actual or constructive knowledge that the metal grate on Ohio Drive SW created an unreasonable risk of harm to pedestrians and cyclists using the street.

20. National Park Service failed in its non-delegable duty to adequately install and maintain the street to prevent harm to the public.

21. As a direct and proximate consequence of National Park Service's acts and omissions, Plaintiff was injured.

22. As a direct and proximate consequence of National Park Service's acts and omissions, Plaintiff has suffered a loss of earnings and has incurred expenses for medical treatment.

23. As a result of National Park Service's acts and omissions, Plaintiff is entitled to actual, compensatory, and special damages in an amount to be determined by a jury in accordance with the law and evidence in this case.

24. As a result of National Park Service's acts and omissions, and due to the nature of them, Plaintiff is entitled to punitive damages in an amount to be determined by a jury in accordance with the law and evidence in this case.

### COUNT II – Negligence by PEPCO

25. Plaintiff reiterates and incorporates by reference each paragraph above as if repeated verbatim herein.

26. PEPCO is liable to Plaintiff as a result of its negligence as set forth herein.

27. PEPCO was negligent, grossly negligent, careless, reckless, willful, and wanton as set forth herein.

28. PEPCO had actual or constructive knowledge that the metal grate on Ohio Drive SW created an unreasonable risk of harm to pedestrians and cyclists using the street.

29. PEPCO failed in its duty to adequately install and maintain the street to prevent harm to the public.

30.     As a direct and proximate consequence of PEPCO's acts and omissions, Plaintiff was injured.

31.     As a direct and proximate consequence of PEPCO's acts and omissions, Plaintiff has suffered a loss of earnings and has incurred expenses for medical treatment.

32.     As a result of PEPCO's acts and omissions, Plaintiff is entitled to actual, compensatory, and special damages in an amount to be determined by a jury in accordance with the law and evidence in this case.

33.     As a result of PEPCO's acts and omissions, and due to the nature of them, Plaintiff is entitled to punitive damages in an amount to be determined by a jury in accordance with the law and evidence in this case.

## COUNT III – Negligence by PLH

34.     Plaintiff reiterates and incorporates by reference each paragraph above as if repeated verbatim herein.

35.     PLH  is liable to Plaintiff as a result of its negligence as set forth herein.

36.     PLH was negligent, grossly negligent, careless, reckless, willful, and wanton as set forth herein.

37.     PLH had actual or constructive knowledge that the metal grate on Ohio Drive SW created an unreasonable risk of harm to pedestrians and cyclists using the street.

38.     PLH failed in its duty to adequately install and maintain the street to prevent harm to the public.

39. As a direct and proximate consequence of PLH's acts and omissions, Plaintiff was injured.

40. As a direct and proximate consequence of PLH's acts and omissions, Plaintiff has suffered a loss of earnings and has incurred expenses for medical treatment.

41. As a result of PLH's acts and omissions, Plaintiff is entitled to actual, compensatory, and special damages in an amount to be determined by a jury in accordance with the law and evidence in this case.

42. As a result of PLH's acts and omissions, and due to the nature of them, Plaintiff is entitled to punitive damages in an amount to be determined by a jury in accordance with the law and evidence in this case.

## PRAYER FOR RELIEF

43. **WHEREFORE**, Plaintiff demands judgment against Defendants in such sum as the trier of fact shall deem just and proper, including but not limited to an award of damages, together with all attorneys' fees and costs incurred in this action, and such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

44. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff respectfully requests a trial by jury on the issues presented herein.

Dated: June 20, 2022

                                                Respectfully submitted,

                                                /s/ Reed Colfax
                                                Reed N. Colfax

DCD Bar ID: 471430
RELMAN COLFAX PLLC
1225 19th Street NW
Suite 600
Washington, DC 20036
Tel: 202-728-1888
Fax: 202-728-0848
rcolfax@relmanlaw.com

/s/ Peter Wilborn
Peter Wilborn*
WILBORN LAW
Post Office Box 771299
Winter Garden, FL 34777
(843) 416-9060
peter@bikelaw.com
mail@bikelaw.com

*Admission to the District Court of the District of Columbia pending

*Attorneys for Plaintiff*